IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EDDIE C. RISDAL, MYSTERYBOY INCORPORATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>DR. JASON SMITH, BRAD WITTROCK, JAY GRAYHILL, TSP MACKEM,<br><br>    Defendants. | No. C07-3015-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the plaintiffs' application to proceed in forma pauperis. The plaintiffs submitted such application on February 27, 2007. Along with their application to proceed in forma pauperis, the plaintiffs submitted a complaint pursuant to 42 U.S.C. § 1983.

In at least three prior cases, the court explained that Plaintiff Mysteryboy Incorporation is not entitled to in forma pauperis status. *See Risdal, et al. v. Scott, et al.*, Case No. C05-0135-LRR (N.D. Iowa 2005); *Risdal, et al. v. Vilsack, et al.*, Case No. C05-4077-LRR (N.D. Iowa 2005); *Risdal, et al. v. Royster, et al.*, Case No. C05-4105-LRR (N.D. Iowa 2005). Specifically, the court stated:

> An artificial entity such as a corporation is not a "person" for purposes of 28 U.S.C. § 1915(a)(1), that is, "only a natural person may qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993).

*Id*. Accordingly, the plaintiffs' application to proceed in forma pauperis shall be denied,[1] and the plaintiffs' action shall be dismissed without prejudice. The Clerk of Court is directed to file the plaintiffs' complaint for the purpose of making a record.

Despite its decision to dismiss the instant action without prejudice, the court deems it appropriate to make several observations. First, where success of an action means a civil commitment is unlawful, a plaintiff must proceed to challenge his civil commitment in state court, *see* Iowa Code section 229A.8 (providing annual examinations and review of discharge or transitional release petitions by persons committed), or bring an application for a writ of habeas corpus in this court after exhausting his remedies in state court, *see* 28 U.S.C. § 2254 (requiring exhaustion of remedies available to those in state custody). *Cf. Harris v. Beadle*, 2004 U.S. Dist. LEXIS 4117, *4-9, 2004 WL 524464 (D. Neb. 2004). Second, a cursory review of the plaintiffs' claims suggests that many, if not all, of them are either malicious or frivolous, and a cursory review of the relief requested suggests that the court is unable to grant much of the relief sought.[2] Third, in the event

---

[1] The court notes that Plaintiff Risdal states in the application to proceed in forma pauperis that he is presently earning $124.00 each month and he fails to identify any expenses that he has. Thus, at the end of three months, Plaintiff Risdal would have the entire $350.00 filing fee.

[2] Much of the plaintiffs' complaint attempts to address the effect of Iowa Code section 229A. On numerous occasions, this court has transferred the plaintiffs' cases to the Southern District. *See e.g., Risdal v. Story County*, Case No. C05-4063-MWB (N.D. Iowa 2005); *see also Risdal v. Story County*, Case No. C05-0317-JEG (S.D. Iowa 2005) (addressing complaint which challenged, among other things, civil commitment, that is, *In re Detention of Eddie Risdal*, CVCV042032 (Story County Dist. Ct. 2005)); *Risdal v. Story County*, Case No. C05-4098-LRR (N.D. Iowa 2005) (instructing petitioner to file habeas action in appropriate district). If the court granted Plaintiff Risdal in forma pauperis status, it would most likely dismiss his action for failing to state a claim upon which relief could be granted. *Cf. Harris v. Beadle*, 2004 U.S. Dist. LEXIS 4117, *4-9, 2004 WL 524464 (D. Neb. 2004) (applying *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) to bar action where plaintiff sought damages
(continued…)

that Plaintiff Risdal elects to pursue an action under 28 U.S.C. § 2254 or 42 U.S.C. § 1983, he should submit separate applications or complaints, and he should also pay the appropriate filing fee or submit a proper application to proceed in forma pauperis. Lastly, Plaintiff Risdal should keep in mind that he must comply with the limiting order of the Southern District of Iowa. *See In re Risdal*, No. M-1-97-3 (S.D. Iowa 1991).[3]

**IT IS THEREFORE ORDERED**:

1) The plaintiffs' application to proceed in forma pauperis is denied.

2) The plaintiffs' complaint is dismissed.

---

[2](…continued)
for proceedings related to civil commitment).

[3] In the limiting order, the court cited *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988), for the proposition that it is appropriate to impose limitations on the right of access to the court by those who abuse it and found Plaintiff Risdal abused the judicial process by filing a multitude of meritless law suits and such conduct would continue unless limitations were imposed. To maintain the integrity of the judicial process, the court imposed several measures. Such measures include, but are not limited to, the following:
> 1) Plaintiff Risdal could not file more than one new complaint every two months, unless the complaint alleges in clear, specific language facts showing that a life threatening emergency exists. If he does so contend, he must explain the basis for that contention in a statement consisting of no more than one page, written on one side of the paper.
> 2) Complaints should not have exhibits attached to them.
> 3) The "statement of claim" portion of his complaint could not exceed three pages, written on one side of the paper.
> 4) Motions could not exceed two pages, written on one side of the paper, and could not be supported by more than five pages of exhibits.

3) The Clerk of Court is directed to file the complaint for the purpose of making a record.

**DATED** this 11th day of April, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

4